SAMUEL, Judge.
Appellant, a patrolman in the New Orleans Police Department with Civil Service status, was suspended and subsequently dismissed from his position for violating Articles 27, 28 and 30 of the Rules for the Administration of the Department of Police relative to standard of ethics, adherence to law, and truthfulness. He had taken this appeal from a decree of the New Orleans Civil Service Commission dismissing his appeal to that authority. The defendant filed a motion to dismiss the appeal and we have before us at this time both the motion to dismiss and the merits.
ON THE MOTION TO DISMISS
The motion to dismiss is based solely on the argument that appellant failed to perfect his appeal by failing to file the appeal bond required by Rule XVI, § 4 of the Uniform Rules, Courts of Appeal, which reads:
“Every appellant shall file with his application for an appeal a bond for costs in the sum of one hundred dollars in favor of the Commission.”
Defendant concedes appellant’s application for this appeal was timely filed. However, it contends: In lieu of an appeal bond appellant gave a personal $100 check; subsequently appellant’s counsel was informed by the reporter for the Commission that the check was unacceptable under the rules; counsel then advised he would post a $100 cash bond; and the $100 cash bond never was posted. The record does not reflect all of these argued facts, nor does it contain any showing that the check given in lieu of the bond was not timely filed. Even accepting the defendant’s factual contentions, and assuming the check was given timely because there is no evidence in the record to the contrary, we cannot dismiss the appeal.
In view of the fact that the check (which constituted conditional payment) was accepted by the Commission in lieu of *64 the bond, and because it is obvious that a posting of $100 in cash would have been sufficient to meet the bond requirement, in the absence of a showing that the check could not be cashed and converted into money, and there is no such showing, the motion to dismiss must be denied.